IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

NICHOLAS WHITE,

    Plaintiff,

v.                                      Civil Action No. GJH-16-0034

WAYNE WEBB, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Nicholas White brings suit against Defendants Wayne Webb, Ricky Foxwell, and Michelle Jones for claims of gross negligence arising from conditions at the Brockbridge Correctional Facility in Jessup, Maryland. Pending is Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment. ECF No. 29. Plaintiff has responded. ECF No. 32; ECF No. 33; ECF No. 37. Upon review of the pleadings filed, the Court finds a hearing in this matter unnecessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, Defendants' dispositive motion will be granted.

**I. BACKGROUND**

    **A. Plaintiff's Allegations**

Plaintiff Nicholas White, an inmate currently confined at the Brockbridge Correctional Facility ("BCF"), filed his Complaint naming as Defendants Commissioner of Corrections Wayne Webb, Warden of the Maryland Pre-Release System Ricky Foxwell, and Facility Administrator Michelle Jones. ECF No. 1 at 1; ECF No. 3 at 1.[1] Plaintiff alleged that Defendants

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Webb and Foxwell were "negligent in ensuring that Brockbridge Correction Facility, and all other correction[al] institutions are tobacco and smoke free." ECF No. 1 at 2.

Plaintiff claims that Webb and Foxwell allow tobacco to enter into the correctional facilities by not enforcing Maryland laws which prohibit tobacco in in any correctional facility. *Id*. Plaintiff states that the failure to enforce the law has caused him serious health problems. *Id*. He indicates that he suffers from "COPD (asthma)" and has suffered a series of episodes due to tobacco smoke. *Id*. Plaintiff alleges that it is Defendants Webb and Foxwell's responsibility as Commissioner of Corrections and the Warden of the Maryland Pre-Release System to direct staff to adhere to and enforce the laws, regulations, and directives. *Id*. at 2–3. Plaintiff alleges that Webb and Foxwell have been grossly negligent in failing to provide a safe, healthy, and humane environment. *Id*. at 3.

In Plaintiff's Amended Complaint, ECF No. 3 at 1, he further claims that the dormitory at BCF does not have emergency access to correctional staff in the event of an emergency. Plaintiff alleges that banging on a door or window is not direct access, and that correctional staff show no urgency in responding. *Id*. Plaintiff states that there have been many assaults in the Prince George's Dormitory and no one could call for help. *Id*. He indicates that surveillance equipment should be installed. *Id*. at 2. Plaintiff also states that "Michelle Jones, the facility administrator at Brockbridge Correction Facility is included in the . . . damages [sought] . . . in her role for not providing a safe, health[y], and humane environment." *Id*.

**B. Defendants' Response**

Defendants explain that Plaintiff has been housed at BCF since July 1, 2015 in Kent Dormitory and Prince George's Dormitory. ECF No. 29-2 ¶ 1–2. Dormitories are fronted with

plexiglass which allows patrolling correctional staff to see into the dormitory. *Id.* ¶ 3. Two officers are assigned to each hallway where dormitories are located, and make patrols into each dormitory every hour on an irregular basis. *Id.* ¶ 4. Additionally, random bunk and locker searches are conducted in order to combat tobacco possession and use in the dormitories. *Id.* ¶ 5. Possession of tobacco is prohibited at BCF. *Id.* Sanctions upon conviction of a tobacco-related inmate rule violation range from 30 days loss of "diminution of confinement" credits and 30 days of disciplinary segregation up to a loss of all diminution credits and 365 days of disciplinary segregation. *Id.* ¶ 6.

Defendants attest that Plaintiff has never filed the mandatory request for administrative remedy procedure ("ARP") at BCF to address his concerns in the facility.[2] ECF No. 29-2 ¶ 7. Plaintiff has also never filed an appeal of an ARP concerning the matters alleged in the instant complaint to the Maryland Division of Correction headquarters. ECF 29-3 ¶ 2. Defendants further testify that Plaintiff has never filed a grievance with the Inmate Grievance Office concerning tobacco at BCF. ECF 29-4 ¶ 3.

### C. Pending Non-Dispositive Motions

#### 1. Plaintiff's Requests for Discovery

Plaintiff's "Motion for Court Investigator," ECF No. 10, shall be denied. Plaintiff indicates that an investigator should obtain photographs of the burn marks on the floor and walls of his dormitory. *Id.* at 1. He states that he received information that BCF was going to paint over the burn marks and strip the floors. *Id.* As such, Plaintiff asks that an investigator be appointed to "hinder the compromising of evidence." *Id.* He does not explain how this evidence

---

[2] Plaintiff filed two "Informal Inmate Complaint" forms and one ARP request as exhibits on February 23, 2017. ECF No. 38-2; ECF No. 38-3; ECF No. 38-4. Each form was filled out by the Plaintiff, however, there was no signature confirming receipt of any of the three forms.

3

is necessary to advance his claim. Nor does Plaintiff explain why he cannot document this information in another manner.

Plaintiff's "Motion to Issue Subpoena and Writ for Material Witness," ECF No. 18, shall also be denied. Plaintiff states that he wishes to subpoena witness Richard Hornberger, an inmate confined at the BCF. *Id.* at 1. He indicates that witness Hornberger's notarized statement is insufficient to substantiate Plaintiff's claim. *Id.* Plaintiff does not explain why the statement is insufficient, nor does Plaintiff explain the nature of the witness's testimony or how it is necessary to his case. *Id.*

Finally, Plaintiff's "Motion to Subpoena Institutional Administrative Hearing Records Involving Tobacco and Synthetic Marijuana," ECF No. 20, shall be denied. Again, Plaintiff does not explain how these records would aid in the prosecution of his claim. Moreover, discovery may not commence before Defendants have answered or otherwise responded to the Complaint, and then only after a scheduling order has been issued by this Court. *See* Loc. R. 104.4 (D. Md. 2016).[3] At the time Plaintiff filed each of the above requests, Defendants had not responded to the Complaint and no scheduling order had been entered. Thus, Plaintiff was not entitled to engage in discovery.

### 2. Plaintiff's Requests for Judgment

Plaintiff's "Motion for Summary Judgment," ECF No. 11, shall be denied. Plaintiff indicates that on February 19, 2016, the Court directed the Finance Officer at BCF to provide Plaintiff a copy of any documentation filed with the Court. *Id.* at 1. Plaintiff indicates that the Finance Officer failed to provide him with any documentation. *Id.* He therefore asks that a default judgment be entered against the BCF Finance Officer, and that he be granted summary

---

[3] "[D]iscovery shall not commence . . . until a scheduling order is entered." Loc. R. 104.4 (D. Md. 2016).

judgment. *Id.* The Finance Officer is not a party to these proceedings, and as such, default or summary judgment is inappropriate.

Plaintiff's Motion for Default Judgment, ECF No. 17, shall also be denied. Plaintiff claims that Defendants were required to respond to his Complaint within 20 days of service and, therefore, failed to timely respond. *Id.* at 1. However, prisoner complaints are subject to this jurisdiction's standing order which provides Defendants 60 days to file a response. *In re State Prisoner Litigation,* Misc. No. 00-308, Standing Order 2012-01 (D. Md 2012); *see also Miller v. McConneha,* No. CV JKB-15-1349, 2015 WL 6727547, at *1, n.5 (D. Md. Nov. 2, 2015). Additionally, Defendants sought and were granted extensions of time to respond to the Complaint. ECF No. 22; ECF No. 25; ECF No. 27. Their response was timely filed.

Plaintiff's second and third Motions for Summary Judgment, ECF No. 26; ECF No. 31, shall likewise be denied. Plaintiff states that Defendants' requests for extension of time to file a response to the Complaint were an effort to intentionally delay his case and he should therefore be entitled to summary judgment. ECF No. 26 ¶ 2. Plaintiff's claims are without evidentiary support and would nevertheless not entitle him to judgment as a matter of law.

### 3. Plaintiff's Motion to Appoint Counsel

As Plaintiff has previously been advised, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[4] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim

---

[4] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

5

and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists, but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must

contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court should not affirm a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50) (1989)).

### B. Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247–48 (1986) (emphasis in original).

"[The] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## III. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a). *See Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones"). This requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Thus, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *see also Ross*, 136 S.Ct. at 1858–59 (identifying three limited circumstances in which an administrative remedy is "unavailable").

Exhaustion is mandatory. *Ross*, 136 S.Ct. at 1857, *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856, citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion"). The purpose of exhaustion is to: 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones*, 549 U.S. at 219. Although exhaustion is mandatory, an inmate's failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 211–12, 216. Thus, Defendant bears the burden of proving that the inmate had remedies available to him of which he failed to take advantage. *See id.*; *Moore*, 517 F.3d at 725.

In Maryland, filing a grievance in writing with the Inmate Grievance Office ("IGO") using an administrative remedy procedure form ("ARP request") is the first of three steps in the

9

ARP process. *See* Md. Code Regs. 12.07.01.04(A). The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint. 12.07.01.05(B). The Warden reviews the ARP request and issues a response. *See* 12.07.01.04(B). If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. *See* 12.07.01.05(B). If the initial appeal is denied, the prisoner has 30 days to file a subsequent appeal with the Inmate Grievance Office. *See* Md. Corr. Servs., Code § 10-206; Md. Code Regs. 12.07.01.04(B).

Here, Plaintiff failed to exhaust his administrative remedies. Plaintiff attests that he filed two administrative remedy complaints regarding the use of tobacco at BCF, one on September 27, 2015 and another on November 5, 2015, but received no reply. ECF No. 37 at 2; ECF No. 38-2; ECF No. 38-3. He does not indicate that he made any effort to further pursue the ARP by filing an appeal to the commissioner or through the IGO. *Id.* Plaintiff generally states that ARP forms were not available and that he was discouraged from filing remedies. *Id.* Despite his contention that ARP forms were not available and that he was discouraged from utilizing the process, by his own admission, he began the ARP process on at least two occasions but failed to complete the process. Thus, it is clear that Plaintiff failed to institute the ARP process as to his general complaint regarding the safety of BCF and initiated but failed to complete the process as to his claims regarding the use of tobacco. As such, these claims are unexhausted and his Complaint is subject to dismissal.

### B. Supervisory Liability

To the extent that Plaintiff claims constitutional violations by Defendants, his Complaint

must be dismissed because it is well-established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Plaintiff has failed to point to any personal conduct by any of the named Defendants. Plaintiff's effort to hold these Defendants liable based on their supervisory roles is unavailing. Therefore, the Plaintiff's claims must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, shall be granted. A separate Order follows.

3/17/2017
Date

George J. Hazel
United States District Judge